IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DR. LESLEY WILLIAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 120-100 |
| | * | |
| BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF GEORGIA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

O R D E R

Presently before the Court is Defendant Dr. Phillip Coule's motion to dismiss (Doc. 6) and Defendants Board of Regents of the University System of Georgia ("Board of Regents"), Dr. Brooks Keel, Dr. Walter Moore, Dr. Steffen Meiler, and Dr. Mary Arthur's (collectively, "Aggregate Defendants") motion for partial judgment on the pleadings (Doc. 18).

Plaintiff initiated the present suit on June 3, 2020 in the Superior Court of Richmond County, Georgia. (See Pl.'s Compl., Doc. 1-2, at 4.) On July 15, 2020, the case was removed to this Court. (Doc. 1.) Defendant Coule filed his motion to dismiss on July 20, 2020. (Doc. 6.) Aggregate Defendants filed their answer to Plaintiff's complaint on July 21, 2020 (Doc. 7) and motion for partial judgment on the pleadings on August 31, 2020 (Doc. 18).

Thereafter, Plaintiff filed an amended complaint on September 21, 2020. (Doc. 23.)

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving the original complaint or "21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). Under Rule 81(c)(1), the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." FED. R. CIV. P. 81(c)(1). Therefore, under Rule 15(a)(1), Plaintiff had twenty-one days from the date of service of Defendant Coule's motion to dismiss to file an amended complaint as a matter of course.[1] See Wilson v. Select Portfolio Servicing, Inc., No. 1:17-CV-04543, 2018 WL 4474639, at *3 (N.D. Ga. June 19, 2018), *report and recommendation adopted*, 2018 WL 4481964 (N.D. Ga. July 9, 2018). Here, Plaintiff filed her amended complaint more than two months after Defendant Coule served his motion to dismiss; therefore, Plaintiff was not within the time frame to file an amendment as a matter of course. (See Doc. 23.)

"Amended complaints outside of the[] time limits [set forth in Rule 15] may be filed only 'with the opposing party's written

---

[1] When there are multiple Defendants, the Eleventh Circuit interprets Rule 15(a)(1) to "to allow a plaintiff to amend a complaint as a matter of course only as to those defendants who have not yet filed a responsive pleading but not as to those who have." United States v. Dermatology & Skin Cancer Prevention Ctr., Inc., No. 1:12-CV-0184, 2013 WL 12109763, at *2 (N.D. Ga. Apr. 11, 2013) (citations omitted). However, Aggregate Defendants filed their answer on July 21, 2020 (Doc. 7); therefore, Plaintiff did not meet the deadline to amend her complaint as a matter of course for Aggregate Defendants either.

consent or the court's leave.'" Wilson, 2018 WL 4474639, at *3 (quoting Fresh v. Diamond Dev. Invs., Inc., No. 1:13-cv-2657, 2015 WL 1046128, at *1 (N.D. Ga. Mar. 9, 2015)). Plaintiff did not seek the Court's permission to file an amended complaint, nor can the Court find any evidence in the record that Plaintiff sought Defendants' consent to file an amended complaint. However, because all Defendants responded to Plaintiff's amended complaint without objection (See Docs. 25, 26), and Aggregate Defendants have filed a second motion for partial judgment on the pleadings (Doc. 32), the Court finds no reason to strike Plaintiff's amended complaint from the record. In the future, Plaintiff shall abide by the Federal Rules of Civil Procedure and this Court's Local Rules.

With that being said, "[i]t is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." Renal Treatment Ctrs.- Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, No. 608CV087, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) and citing Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982)); see also Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

As the amended complaint is the operative pleading in this case, Defendant Coule's motion to dismiss (Doc. 6), filed in

response to the original complaint, is **DENIED AS MOOT**.  See EJC6, LLC v. City of Johns Creek, No. 1:15-CV-779, 2016 WL 727206, at *3 (N.D. Ga. Feb. 19, 2016); see also Horton v. Reeves, No. CV 118-165, 2019 WL 4748002 at *1 (S.D. Ga. Sept. 27, 2019) (denying as moot motion to dismiss original complaint where plaintiff filed an amended complaint).  For the same reasons, Aggregate Defendants' motion for partial judgment on the pleadings (Doc. 18) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of February, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA