Message

**From:** Vale Diaz, Fernando [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=3A088E3828D04E45B889F46E09ABCF3E-VALE-DIAZ,]
**Sent:** 3/14/2019 11:28:44 AM
**To:** Jones, Laurel [ljones2@augusta.edu]
**Subject:** FW: [EXTERNAL] Grievance clarification

**Importance:** High

---

**From:** Melcher, Chris
**Sent:** Thursday, March 14, 2019 11:27 AM
**To:** Williams, Becky <REWILLIAMS1@augusta.edu>; Macomson, Samuel <SMACOMSO@augusta.edu>; Coule, Phillip <PCOULE@augusta.edu>; Norton, Susan <SNORTON@augusta.edu>; Vale Diaz, Fernando <FVALEDIAZ@augusta.edu>
**Cc:** Arnold, Debra <DARNOLD@augusta.edu>; Bryan, Greg <GBRYAN@augusta.edu>
**Subject:** Re: [EXTERNAL] Grievance clarification
**Importance:** High

Colleagues,

A couple of comments for today's meeting. Greg will attend for University Legal, we think this can be clarified and coordinated fairly easily at the meeting today. In short, AUMC and GME have exclusive authority over credentials and privileges for residents, if those are withdrawn then AU will terminate the resident as an employee. This is similar to MCG physician faculty, if a doctor's privileges are revoked by AUMC (which has exclusive authority over privileges) then the AU faculty employment will be terminated. We will defer to AUMC and GME on **how** they will structure an "appeal right" for the resident with regards to privileges or credentials, which she **must** be offered in some format. Thereafter, there should be a separate employment appeal that will focus primarily on whether in fact she has current privileges/credentials – if not, termination upheld. USG has clarified for us in the past that residents **must** be afforded two separate appeal rights if they are dismissed or terminated – an academic appeal and an employment appeal. Thanks,
Chris

**Christopher J. Melcher**
Vice President & General Counsel
AUGUSTA UNIVERSITY
1120 15th Street AA2005
Augusta, Georgia 30912
(706) 721-4018

---

**From:** "Williams, Becky" <REWILLIAMS1@augusta.edu>
**Date:** Wednesday, March 13, 2019 at 12:00 PM
**To:** "Macomson, Samuel" <SMACOMSO@augusta.edu>, "Coule, Phillip" <PCOULE@augusta.edu>, Susan Norton <SNORTON@augusta.edu>, "Vale Diaz, Fernando" <FVALEDIAZ@augusta.edu>, "Melcher, Chris" <CMELCHER@augusta.edu>
**Cc:** "Arnold, Debra" <DARNOLD@augusta.edu>
**Subject:** FW: [EXTERNAL] Grievance clarification

Good morning, all.

Would it be possible for us to schedule a call today or tomorrow to discuss this matter? I am confused why she is stating HR pursued the termination and is mishandling but, admittedly, I have not been involved since the beginning and may not have all of the facts. Debra generally handles these requests, and quite capably I might add, but since she may be a witness in the hearings I'm managing this particular situation. I just want to make sure we are all on the same page and I am providing Dr. Kavianpour with an appropriate response as I am answering from a University policy point of view, not an ACGME point of view.

Thank so much!
Becky

**From:** Sarah Kavianpour [mailto:[redacted]com]
**Sent:** Wednesday, March 13, 2019 10:44 AM
**To:** Williams, Becky <REWILLIAMS1@augusta.edu>
**Cc:** Arnold, Debra <DARNOLD@augusta.edu>; Macomson, Samuel <SMACOMSO@augusta.edu>; Coule, Phillip <PCOULE@augusta.edu>; Norton, Susan <SNORTON@augusta.edu>; Vale Diaz, Fernando <FVALEDIAZ@augusta.edu>
**Subject:** Re: [EXTERNAL] Grievance clarification

**This is an external email. Use caution responding, opening attachments and following links.**

---

Dr. Macomson is welcome to correct me if I am wrong here but the crux of the matter is actually the suspension and not the termination. The termination had to occur in light of the suspension. This is why Dr. Macomson alone would be the incorrect respondent.
It might be time to escalate this because I am not going to go through with a hearing that is futile and HR is mishandling the situation.

On Wed, Mar 13, 2019, 10:17 AM Sarah Kavianpour [redacted]om> wrote:

ACGME's reference to sponsoring institution includes the hospital i.e. the medical center (I can send you the link to the document again) which is why I want the respondent to the grievance to include the medical center's CMO.
Please understand that this is a loophole already used by HR, who are the ones who pursued my termination in the first place, and if it continues it will directly violate my right to due process and ACGME policy. If this occurs again, I will have no choice but to file a formal complaint to the ACGME.
Thanks,

On Wed, Mar 13, 2019, 10:05 AM Williams, Becky <REWILLIAMS1@augusta.edu> wrote:

Dr. Kavianpour,

As mentioned below, the suspension of clinical privileges is an action taken by AU Medical Center. This is not an action taken by Augusta University therefore it is not an action that Augusta University can reverse. Your grievance applies only to your termination of employment and the panel does not have the authority to reinstate clinical privileges however, depending on the outcome of the grievance, they can make a recommendation to the Medical Center.

Thank you,
Becky

**From:** Sarah Kavianpour [mailt[redacted].com]
**Sent:** Wednesday, March 13, 2019 9:41 AM
**To:** Williams, Becky <REWILLIAMS1@augusta.edu>
**Cc:** Arnold, Debra <DARNOLD@augusta.edu>; Macomson, Samuel <SMACOMSO@augusta.edu>; Coule, Phillip <PCOULE@augusta.edu>; Norton, Susan <SNORTON@augusta.edu>; Vale Diaz, Fernando <FVALEDIAZ@augusta.edu>
**Subject:** Re: [EXTERNAL] Grievance clarification

**This is an external email. Use caution responding, opening attachments and following links.**

---

Hi,

So just so that it is clear this process could reverse both the suspension of clinical activity and my termination from my clinical program?

I am sorry but I have to ask this since this was not the case with my appeal to Chairman.

Thanks,

On Wed, Mar 13, 2019, 8:06 AM Williams, Becky <REWILLIAMS1@augusta.edu> wrote:

Good morning, Dr. Kavianpour.

Dr. Macomson is the respondent to the filed grievance but your grievance is being heard by a panel of individuals from across the institution therefore this is the institutional level review. The panel will make the recommendation whether or not to uphold the termination.

In addition, while the Grievance Policy and Attachment A do reference Suspension, as outlined in the policy, "Employees and postdoctoral fellows may file a grievance only if the employee has been suspended, the employee has been discharged, or the employee has been demoted or their salary has been reduced". Suspension in the policy refers to suspension of an employee, not suspension of clinical privileges, which is an action taken by the AU Medical Center. Since this is an action taken by the Medical Center, it cannot be grieved under University policy. You have filed the grievance for termination and the hearing is in the process of being scheduled so you should receive a hearing notice soon.

Thank you,

Becky

**From:** Sarah Kavianpour [[redacted]om]
**Sent:** Tuesday, March 12, 2019 4:23 PM
**To:** Williams, Becky <REWILLIAMS1@augusta.edu>
**Cc:** Arnold, Debra <DARNOLD@augusta.edu>; Macomson, Samuel <SMACOMSO@augusta.edu>; Coule, Phillip <PCOULE@augusta.edu>; Norton, Susan <SNORTON@augusta.edu>; Vale Diaz, Fernando <FVALEDIAZ@augusta.edu>
**Subject:** Re: [EXTERNAL] Grievance clarification

**This is an external email. Use caution responding, opening attachments and following links.**

---

If the respondent is only Dr. Macomson then there would be a direct violation of ACGME policy because you are effectively saying I can only have a grievance at the program level and not the institutional level:

IV.D. Grievances: The Sponsoring Institution must have a policy that outlines the procedures for submitting and processing resident/fellow grievances at the program **and institutional level** and that minimizes conflicts of interest. (Core)

https://www.acgme.org/Portals/0/PFAssets/InstitutionalRequirements/000InstitutionalRequirements2018.pdf?ver=2018-02-19-132236-600

On Tue, Mar 12, 2019 at 2:21 PM Sarah Kavianpour <[redacted]om> wrote:

Are you sure about that?

Attachment A, the Statement of Grievance, Reason for Grievance includes "Suspension" which is why I asked if I needed to correct that.

Also, the discharge/termination paperwork from Dr. Macomson indicates that reason for my termination is because of the suspension.

I'm not trying to chase my tail. That would effectively be a denial of due process. Just like my appeal to Dr. Vale.

This an essential component that needs to be clarified. There cannot be any misdirection.

Thanks,

Sarah

On Tue, Mar 12, 2019, 1:47 PM Williams, Becky <REWILLIAMS1@augusta.edu> wrote:

Good afternoon, Dr. Kavianpour.

The Augusta University Grievance Policy does not provide the opportunity to grieve suspension of clinical activity, only your termination. Therefore, it is appropriate that Dr. Macomson is listed as the only respondent.

Thank you,

Becky

**From:** Sarah Kavianpour <[redacted]om>
**Sent:** Tuesday, March 12, 2019 12:44 PM
**To:** Williams, Becky <REWILLIAMS1@augusta.edu>; Arnold, Debra <DARNOLD@augusta.edu>; Macomson, Samuel

<SMACOMSO@augusta.edu>; Coule, Phillip <PCOULE@augusta.edu>
**Subject:** [EXTERNAL] Grievance clarification

**This is an external email. Use caution responding, opening attachments and following links.**

---

Hi Ms. Williams,

There is a very important point that still needs clarification about the Grievance Policy and Procedures and the hearing. The grievance is with regards to both the suspension of clinical activity and termination from the program so the respondents would be both Dr. Coule and Dr. Macomson. I would be glad to update the Statement if that needs to be specified.

Please let me know.

Thanks,

Sarah

--

Sarah Kavianpour, M.D., Sc.M.
[redacted].com
[redacted](c)

--

Sarah Kavianpour, M.D., Sc.M.
[redacted].com
[redacted](c)